UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM MANUEL ALVAREZ-CALO,

    Petitioner,

 v.

MIKE OBENLAND,

    Respondent.

CASE NO. 3:19-CV-5904-BHS-DWC

ORDER

   The District Court has referred this action filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Petitioner filed his federal habeas Petition seeking relief from a state court conviction. *See* Dkt. 3.

   In the Petition, Petitioner raises sixteen grounds for relief. Dkt. 3. On November 21, 2019, Respondent filed an Answer, arguing Petitioner failed to exhaust state remedies with respect to 15 of his 16 habeas claims. Dkt. 7. Respondent argues the petition is "mixed," containing both exhausted and unexhausted claims, and should be dismissed without prejudice. Dkt. 7. On December 3, 2019, Petitioner filed a Traverse, wherein he disputes his claims are unexhausted. Dkt. 9. Petitioner also seeks the appointment of counsel because he is foreign born,

does not read or write English, has dyslexia syndrome, and "cannot comprehend as adults do." Dkt. 9 at 4. The same day, Petitioner also filed a Motion to Appoint Counsel (Dkt. 10) wherein he asserts he has competency issues and cannot intelligently read or write on his own. Dkt. 10 at 1. Petitioner alleges he has relied on help from other inmates. *Id.* at 1-2. Respondent opposes Petitioner's Motion to Appoint Counsel, arguing the Petition is "mixed" and if the Court determines petitioner may proceed on all 16 grounds raised in the Petition and determines an evidentiary hearing is necessary for one or more of those claims, the Court could appoint counsel at a later time. Dkt. 11.

The Court has reviewed the Petition, Answer, State Court Record, Traverse, Motion to Appoint Counsel, and Response, and while Petitioner has not provided declarations or other evidence to support his request for the appointment of counsel, there is evidence in the record he required an interpreter during his police interrogations and requested a competency evaluation during the state court proceedings. *See* Dkt. 8, Exhibit 11 at 5 at fn. 7 (noting Petitioner's police interview was "largely in English but Investigator Catlett periodically acted as an interpreter during the interview"); *id.* at 24 (petitioner argued his trial counsel was ineffective in failing to obtain "Cultural Competency Evaluation" which he argued would have addressed his foreign-born status, lack of understanding of English, and dyslexia syndrome).

Before the Court is able to make a determination on Petitioner's Motion to Appoint Counsel (Dkt. 10), the Court finds supplemental briefing is necessary to obtain additional information and evidentiary support for Petitioner's contentions he is unable to read, write, and understand English. *See Warren v. C.I.R.*, 282 F.3d 1119, 1120 (9th Cir. 2002) (The Ninth Circuit and Supreme Court precedent allow the Court to *sua sponte* order supplemental briefing.).

Accordingly, the Court orders the following:

- Petitioner is directed to file, on or before January 17, 2020, a supplement to his Motion to Appoint Counsel. Petitioner should address his allegations he is unable to read, write, and understand English in more detail and explain how he has been able to file numerous pleadings before the Court. Petitioner should also submit declarations or other evidentiary support related to his request for the appointment of counsel and his inability to read, write, and understand English.
- Respondent may file a supplemental response to the Motion to Appoint Counsel on or before January 31, 2020.
- Petitioner may file a reply to the Motion to Appoint Counsel on or before February 7, 2020.

The Clerk of Court is directed to re-note the Motion to Appoint Counsel (Dkt. 10) and the Petition (Dkt. 3) for consideration on February 7, 2020.

Dated this 17th day of December, 2019.

David W. Christel
United States Magistrate Judge