|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |
| 5   |     |     |
| 6   |     |     |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

WILLIAM MANUEL ALVAREZ-CALO,

    Petitioner,

v.

MIKE OBENLAND,

    Respondent.

CASE NO. 3:19-CV-5904-BHS-DWC

ORDER APPOINTING COUNSEL

    The District Court has referred this action filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Petitioner William Manuel Alvarez-Calo filed his federal habeas Petition seeking relief from a state court conviction. *See* Dkt. 3. Currently pending before the Court is Petitioner's Motion to Appoint Counsel. Dkt. 10. After reviewing the relevant record before this Court, the Court concludes the interests of justice require the appointment of counsel in this case. Therefore, Petitioner's Motion (Dkt. 10) is granted.

**I.     Background**

In the Petition, Petitioner raises sixteen grounds for relief. Dkt. 3. On November 21, 2019, Respondent filed an Answer, arguing Petitioner failed to exhaust state remedies with respect to 15 of his 16 habeas claims. Dkt. 7. Respondent argues the petition is "mixed," containing both exhausted and unexhausted claims, and should be dismissed without prejudice. Dkt. 7.

On December 3, 2019, Petitioner filed a Traverse, wherein he disputes his claims are unexhausted. Dkt. 9. Petitioner also seeks the appointment of counsel because he is foreign born, does not read or write English, has dyslexia syndrome, and "cannot comprehend as adults do." Dkt. 9 at 4. The same day, Petitioner also filed a Motion to Appoint Counsel (Dkt. 10) wherein he asserts he has competency issues and cannot intelligently read or write on his own. Dkt. 10 at 1. Petitioner alleges he has relied on help from other inmates. *Id.* at 1-2. Respondent opposes Petitioner's Motion to Appoint Counsel, arguing Petitioner is capable of representing himself on a *pro se* basis. Dkt. 19, 22.

The Court ordered the Petitioner to file a supplement to his Motion addressing his allegations he is unable to unable to read, write, and understand English in more detail and explain how he has been able to file numerous pleadings before the Court. The Court also directed Petitioner to submit declarations or other evidentiary support related to his request for the appointment of counsel and his inability to read, write, and understand English.  Dkt. 13.

In the supplement, Petitioner has now attached affidavits of five inmates who support Petitioner's assertions that he cannot read or write in English or Spanish. *See* Dkt. 18, 21,

Attachments B, C, D, E, F.[1] The affidavits state the inmates help Petitioner by reading and drafting documents for him because Petitioner cannot read or write, and he is unable to understand what others are saying. *Id*. The inmates compare Petitioner's level of understanding to a child and state he is unable to understand average conversations. *Id.*

**II.     Discussion**

There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

Here, the Court finds Petitioner's inability to read, write, and comprehend hinders his ability to articulate his claims and respond to the Answer. While the Court has not determined that Petitioner is likely to succeed on the merits of this case, the Court finds the interests of

---

[1] Petitioner also submits documentation from the Secretary of Educational Assistance for people with disabilities and a diagnosis from a pediatric psychologist. Dkt. 21, Attachment A. Petitioner asserts these documents show petitioner has learning disabilities and lists Petitioner's special education needs. *Id.* However, these documents are written in Spanish. *See id.* Therefore, the Court is not able to verify their content and did not consider the documents at this time. However, even without verifying and considering these documents, the Court finds Petitioner has demonstrated the interests of justice warrant the appointment of counsel in this case.

justice require Petitioner be appointed counsel to ensure he understands and can respond to the legal and factual arguments presented in Respondent's Answer.

Accordingly, the Court **appoints the Federal Public Defender for the Western District of Washington (FPD) for Petitioner.** The Clerk shall provide a copy of this Order to: Michael Filipovic, Federal Public Defender, Federal Public Defender's Office, 1601 Fifth Avenue, Suite 700, Seattle, Washington 98101.

In order to allow Petitioner's counsel sufficient time to prepare, the Court amends the previously established deadlines. Petitioner may file a supplemental traverse on or before May 22, 2020. Respondent may file a supplemental reply to the traverse on or before May 29, 2020.

The Clerk of Court is directed to re-note the Petition for May 29, 2020.

Dated this 10th day of April, 2020.

David W. Christel
United States Magistrate Judge